# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTY EXPERTS INC., <br><br>　　　　Plaintiff, <br>　vs. <br><br>RE REALTY EXPERTS, INC.; et al., <br><br>　　　　Defendants. | CASE NO. 11-CV-1546 JLS (CAB) <br><br>**ORDER: GRANTING MOTION TO DISMISS** <br><br>(ECF No. 5) |

　　　　Presently before the Court is Defendants' motion to dismiss. (MTD, ECF No. 5.) Also before the Court are Plaintiff's opposition (Opp'n, ECF No. 8) and Defendants' reply (Reply, ECF No. 9). Having considered the parties' arguments and the law, the Court **GRANTS** Defendant's motion to dismiss the complaint for lack of jurisdiction.

## BACKGROUND[1]

　　　　Plaintiff, Realty Experts, Inc., and Defendant, RE Realty Experts, Inc., are both California corporations engaged in the business of real estate and related services. On February 4, 2009, Defendant filed two trademark applications with the U.S. Patent and Trademark Office ("PTO") for the marks REALTY EXPERTS and RE REALTY EXPERTS ("Referenced Marks"). Plaintiff, who also uses "Realty Experts" to identify its business in interstate commerce, filed oppositions to

---

[1] The facts in this section are taken from Plaintiff's Complaint (ECF No. 1) unless otherwise noted.

1  each of the Referenced Marks with the PTO on November 11, 2009, and February 17, 2010.
2  Plaintiff alleges the Referenced Marks are merely descriptive and/or generic phrases to describe
3  real estate services, and that it would be damaged by the registration of the Referenced Marks
4  because it will no longer be able to use the designation "Realty Experts" for its own business.
5  Further, Plaintiff states such registration would damage its ownership of its own pending and
6  future trademark applications, which include similar terms.[2]

7  Plaintiff filed this action in federal court on July 13, 2011 for "Declaratory Judgment of
8  Ineligibility for Registration pursuant to 28 U.S.C. § 2201-02." Plaintiff seeks a judgment from
9  this Court declaring that Defendant's Referenced Marks are merely descriptive and/or generic and
10 that they are ineligible for trademark registration. On August 4, 2011, Defendant moved to
11 dismiss the action for lack of jurisdiction, failure to state a claim, and improper venue. (MTD 1.)
12 The Court took the mater under submission without oral argument pursuant to Local Civil Rule
13 7.1(d)(1). (ECF No. 10.)

**DISCUSSION**

15 Defendant argues the Court does not have jurisdiction to hear this case because it is not a
16 diversity case and not properly a federal question. (MTD 3.) The Court agrees.

17 A federal district court's jurisdiction is limited to (1) cases containing a "federal question"
18 and (2) "diversity cases." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005);
19 28 U.S.C. §§ 1331, 1332. A case contains a "federal question" if it arises under the Constitution,
20 laws, or treaties of the United States. 28 U.S.C. § 1331. Alternatively, a "diversity case" is a civil
21 action between citizens of different States, between U.S. citizens and foreign citizens, or by
22 foreign states against U.S. citizens where the amount in controversy exceeds a specific dollar
23 threshold, currently $75,000. 28 U.S.C. § 1332.

24 Plaintiff's Complaint states as its basis for jurisdiction merely that "[t]he amount in
25 controversy determined by the value of the right in which protection is sought by Plaintiff far
26 exceeds $75,000. Accordingly, the jurisdiction of this Court is property (sic) pursuant to 28

---

[2] Plaintiff filed a trademark application with the PTO for the marks REALTYEXPERTS.NT and REALTY EXPERTS NETWORK on May 29, 2009. (Compl. ¶ 8.) According to Defendant, this application was denied on September 5, 2009. (MTD 2; Cook Decl. ¶ 4.)

U.S.C. § 1332." (Compl. ¶ 4.) However, Section 1332 requires complete diversity of citizenship of the parties in addition to an amount in controversy in excess of $75,000. Here, the Complaint indicates both parties are corporations with California citizenship. (Compl. ¶ 1-2.) Thus, even if the amount in controversy were in excess of $75,000, which Defendant also disputes, diversity jurisdiction cannot exist.

Further, the Complaint does not assert jurisdiction based on federal question. Plaintiff argues federal question jurisdiction exists in its opposition to Defendant's motion to dismiss. (Opp'n 3.) Apparently, Plaintiff "intended to state that the Court has 'specific' federal question jurisdiction over the present matter" in its Complaint under the Declaratory Judgment Act. (*Id.*) Plaintiff states it properly alleges a federal question because the Complaint contains a "cause of action for a declaratory judgment of the ineligibility for registration of Defendants' trademarks pursuant to federal statute 28 U.S.C. § 2201-02." (*Id.* at 3.) However, a declaratory judgment is a type of remedy authorized by Congress, it is not itself a cause of action. Federal courts have the power to issue declaratory judgments pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202, which provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2202(a). It is well-established that the DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). A claim for declaratory judgment is a form of relief; it does not by itself state a claim. *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 n. 2 (9th Cir. 1999). Thus, merely seeking a declaratory judgment does not remedy the jurisdictional defect that the Court cannot hear the underlying claim for ineligibility for registration.

Surprisingly, Plaintiff has not attempted to argue that a federal question exists based on the Lanham Act, but the Court considers that potential basis here as well. The Lanham Act provides for federal trademark registration and authorizes the PTO to refuse registration of a mark that "so resembles a mark registered in the [PTO] or a mark or trade name previously used in the United

1  States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to
2  cause confusion, or to cause mistake, or to deceive. . . ." 15 U.S.C. § 1052(d).  An opposition to a
3  registration may be initiated by "[a]ny person who believes that he would be damaged by the
4  registration of a mark," 15 U.S.C. § 1063, and the PTO's Trademark Trial and Appeal Board
5  ("TTAB") has been established "to determine and decide the respective rights of registration" in
6  contested proceedings, 15 U.S.C. § 1067.  Decisions of the TTAB may either appeal the decision
7  to the United States Court of Appeals for the Federal Circuit, 15 U.S.C. § 1071(a), or bring a civil
8  action in a United States District Court, 15 U.S.C. § 1071(b).  Such appeals may be brought by
9  parties "dissatisfied with the decision of the Director or Trademark Trial and Appeal Board." *Id.*
10 Under this statutory scheme, trademark registration proceedings fall under the purview of the
11 PTO.  *See* 15 U.S.C. § 1051 et seq; *see also Merrick v. Sharp & Dohme, Inc.*, 185 F.2d 713 (7th
12 Cir. 1950) (noting that the "courts of the United States have no jurisdiction over registration
13 proceedings except that appellate jurisdiction given them by the Trade-Mark Act").

14       Here, the TTAB has not yet determined the registrability of Defendant's marks.  In fact,
15 Plaintiff sought a stay of those proceedings, which were suspended on August 23, 2011.  (Opp'n
16 7.)  Congress permits the Court to determine the right to registration "[i]n any action involving a
17 registered mark."  15 U.S.C. § 1119.  Such determinations are controlling on the PTO. *Id.* It is
18 questionable that this section confers jurisdiction here, because the Referenced Marks are not yet
19 registered.  However, even if the Court could have federal question jurisdiction over this action
20 under some provision of the Lanham Act not yet enumerated by either party, Defendant argues the
21 Court should apply the "primary jurisdiction" doctrine to decline jurisdiction over this action. The
22 Court agrees with Defendant that this doctrine operates to bar the case at hand.

23       The primary jurisdiction doctrine provides:

> When there is a basis for judicial action, independent of agency proceedings, courts may route the threshold decision as to certain issues to the agency charged with primary responsibility for governmental supervision or control of the particular industry or activity involved. . . . Whether the doctrine of primary jurisdiction applies in any particular situation depends on the extent to which Congress, in enacting a regulatory scheme, intends an administrative body to have the first word on issues arising in judicial proceedings.

1. *United States v. Culliton*, 328 F.3d 1074, 1081 (9th Cir. 2003) (citations omitted). Plaintiff argues that a valid "case or controversy" under federal law exists that requires prompt adjudication because Plaintiff "will be damaged by the registration of Defendant's marks" and Defendant has threatened to sue Plaintiff for trademark infringement. (Opp'n 5-6.) However, in all of the cases to which Plaintiff cites in which federal courts exercised jurisdiction, the underlying claim involved an actual claim for trademark infringement under the Lanham Act, not merely a "potential infringement claim." (*Id.* at 5-6). In *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151 (9th Cir. 2007), upon which Plaintiff heavily relies, the Ninth Circuit found that the district court had subject matter jurisdiction over an action for declaratory judgment of trademark invalidity where the plaintiff had a real and reasonable apprehension that he would be subject to liability if he continued to manufacture his product.

Here, Plaintiff asks the Court to declare the Referenced Marks ineligible for registration; it has not alleged trademark infringement or any violation of federal law over which the Court has jurisdiction. *Rhoades* quoted *Goya Foods, Inc. v. Tropicana Prod.*, *Inc.*, 846 F.2d 848 (2d Cir. 1988), to which Defendant also points, stating:

> If a district court action involves only the issue of whether a mark is entitled to registration and if subject matter jurisdiction is available, the doctrine of primary jurisdiction might well be applicable, despite the differences between the trademark registration scheme and other regulatory patterns. In such a case, the benefits of awaiting the decision of the PTO would rarely, if ever, be outweighed by the litigants' need for prompt adjudication. But where . . . a district court suit concerns infringement, the interest in prompt adjudication far outweighs the value of having the views of the PTO.

This case presents precisely this alternate situation articulated (and distinguished) in *Goya Foods* and *Rhoades*. Plaintiff seeks a declaration of ineligibility of registration, just as hypothesized by *Goya Foods*, and the Court cannot discern Plaintiff's need for prompt adjudication of registration in this Court prior to the determination of the PTO. This is not a situation where one party has threatened a trademark infringement action and the other party brings an action for declaratory judgment of noninfringement to forestall the action. As noted in *Goya Foods*, a certificate of registration is prima facie evidence of the validity of registration, but the presumption would be rebuttable in any hypothetical future infringement actions. 846 F.2d at 854; *see also* 15

1  U.S.C. § 1057. Thus, the Court's declaration here would not resolve any potential dispute of
2  infringement. Further, the PTO is better equipped to handle the initial determination of trademark
3  registration, as clearly indicated by the statutory scheme and foreseen in *Rhoades*, 504 F.3d at
4  1165. Unlike in the aforementioned cases, continued determination of registration by the TTAB is
5  the most efficient course of action. *See Id.* at 1164 n.13.

6       Accordingly, the Court **GRANTS** Defendant's motion to dismiss for lack of jurisdiction
7  under Federal Rule of Civil Procedure 12(b)(1) without prejudice. The Clerk shall close the file.
8       **IT IS SO ORDERED**.

10  DATED: March 1, 2012

11      *Janis L. Sammartino*
    Honorable Janis L. Sammartino
12      United States District Judge